FILED
November 30, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk





KEN PAXTON
ATTORNEY GENERAL OF TEXAS

ACCEPTED
03-13-00789-CV
7765396
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/10/2015 1:30:31 PM
JEFFREY D. KYLE
CLERK

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/10/2015 1:30:31 PM
JEFFREY D. KYLE
Clerk

BETH KLUSMANN
ASSISTANT SOLICITOR GENERAL

(512) 936-1914
BETH.KLUSMANN@TEXASATTORNEYGENERAL.GOV

November 5, 2015

**VIA ELECTRONIC FILING**

Jeffrey D. Kyle, Clerk
Third Court of Appeals
209 West 14th Street, Room 101
Austin, Texas 78701

> Re:  Case No. 03-13-00789-CV; *Alphonso Crutch Life Support Center v. Williams, et al.*

To the Honorable Third Court of Appeals:

In its briefs in the above-referenced case, the Alphonso Crutch Life Support Center stated multiple times that the Commissioner of Education had wrongly denied funding to Crutch and that Crutch had filed suit regarding the Commissioner's funding decisions. A Travis County district court has now ruled against Crutch in that separate suit, concluding that the Commissioner did not act ultra vires or violate Crutch's equal-protection rights with respect to funding. The district court's judgment and findings of fact and conclusions of law are attached. Crutch has appealed that judgment to this Court. *Alphonso Crutch Life Support Ctr., Inc. v. Williams*, No. 03-15-00509-CV.

Although the Commissioner continues to assert that the question of Crutch's funding is separate from the non-renewal issue presented in this appeal, he wished to notify the Court of this development, given the statements in Crutch's brief.

Sincerely,

/s/ Beth Klusmann
Beth Klusmann
Bar No. 24036918

BEK/ch

## CERTIFICATE OF SERVICE

On November 5, 2015, this Letter was served via electronic mail and/or File & ServeXpress on:

Mr. Gary L. Bledsoe
Potter Bledsoe, LLP
316 West 12th Street, Suite 307
Austin, TX 78701
*garybledsoe@sbcglobal.net*

*Counsel for Appellant*

 /s/  Beth Klusmann
Beth Klusmann

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), this letter contains 146 words, excluding the portions exempted by Rule 9.4(i)(1).

 /s/ Beth Klusmann
Beth Klusmann



Filed in The District Court
of Travis County, Texas

JUL 1 0 2015

At_____4:44 p___M.

Velva L. Price, District Clerk

CAUSE NO. D-1-GN-05-003667

| | | |
|---|---|---|
| ALPHONSO CRUTCH LIFE SUPPORT CENTER, INC.,<br>    Plaintiff, | § § § § | IN THE DISTRICT COURT |
| v. | § § | 53rd JUDICIAL DISTRICT |
| MICHAEL L. WILLIAMS, COMMISSIONER OF EDUCATION,<br>    Defendant. | § § § § | TRAVIS COUNTY, TEXAS |

## FINAL JUDGMENT

On February 2, 2015, this case was called for trial. Plaintiff, Alphonso Crutch, LLC, appeared through a representative and announced ready for trial. Defendant, Michael L. Williams, appeared through a representative and announced ready for trial.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard the evidence and arguments of counsel.

The Court hereby RENDERS judgment for Defendant, Michael L. Williams.

Accordingly, the Court orders that plaintiff take nothing and that defendant recover court costs from plaintiff.

This judgment finally disposes of all claims and all parties, and is appealable.

SIGNED on ___July 10th___, 2015.

The Honorable Scott H. Jenkins

B

CAUSE NO. D-1-GN-05-003667

| | | |
|---|---|---|
| **ALPHONSO CRUTCH LIFE** | § | **IN THE DISTRICT COURT** |
| **SUPPORT CENTER, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **MICHAEL L. WILLIAMS,** | § | |
| **COMMISSIONER OF EDUCATION,** | § | |
| **Defendant.** | § | **TRAVIS COUNTY, TEXAS** |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the provisions of Rules 296 through 299 of the Texas Rules of Civil Procedure and at the request of Plaintiff, the Court issues its Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. All Findings of Fact that would more appropriately be classified as Conclusions of Law are hereby adopted as such.

*Texas School Funding System*

2. The Texas Legislature created the Foundation School Program ("FSP") for funding all schools in the state. Funding for all schools and school districts is governed by Chapter 42 of the Texas Education Code.

3. FSP funding is directly linked to a school's attendance figures.

4. The Commissioner distributes FSP funds to schools and school districts on the basis of "average daily attendance," which is "the quotient of the sum of attendance for each day of the minimum number of days of instruction … divided by the minimum number of days of instruction."

5. In any given school year, the initial FSP payments to a school are made on the basis of estimated attendance—either by using data from the prior year or an estimate provided by the school.

6. TEA recalculates the average daily attendance based on the actual attendance data and adjusts the FSP payments accordingly.

1 of 5

7. During the school year, a school must report its attendance figures to TEA every six weeks by submitting its official attendance data through the Public Education Information Management System (PEIMS).

8. Schools receive FSP payments monthly.

9. Any monthly payment to a school is subject to adjustment to account for actual attendance as it becomes known, and to withholding based on previous overallocations.

10. At the end of the school year, TEA engages in a settle-up process to determine the amount a school should have received based on the official attendance data submitted by the school through PEIMS.

11. TEA then applies any adjustment necessary as a result of the settle-up process to the current year's allocations.

*Alphonso Crutch Background*

12. TEA granted Alphonso Crutch Life Support Center, Inc. ("Alphonso Crutch" or "the School") an open-enrollment charter in 1998.

13. Alphonso Crutch was an open-enrollment charter school established under Chapter 12 of the Texas Education Code.

14. Alphonso Crutch's charter expressly provides that the payment of state funds is contingent on Alphonso Crutch's compliance with statewide attendance reporting requirements.

15. Alphonso Crutch's funding formulation—like that of all other charter schools—is mandated by Texas Education Code Chapter 12. Texas Education Code Section 12.106(c) makes the calculation and accounting for charter schools subject to the Commissioner's rule-making authority.

16. Rule 61.1025 of the Texas Administrative Code states: "[PEIMS] data standards, established by the commissioner of education under [TEC] 42.006…shall be used by school districts and charter schools to submit information required for the legislature and the [TEA] to perform their legally authorized functions…."

17. Alphonso Crutch's charter contract states at paragraph 22: "To the extent required by the commissioner, Charterholder shall comply with the 'Student Attendance Accounting Handbook'. . . ." The Handbook is a comprehensive set of rules adopted by reference by the Commissioner at 19 T.A.C. § 129.1025.

*Findings of Fact and Conclusions of Law and Conclusions of Law*                    D-1-GN-05-003667

18. The Commissioner has the authority to audit a charter school's attendance and financial records. The Commissioner also has the authority to withhold funds if he finds that money has been overallocated.

19. Alphonso Crutch did not maintain adequate attendance records.

20. Alphonso Crutch's "sign-in" sheets did not verify attendance as required by TEA rule.

21. In 2004 and 2005, after completing an audit of Alphonso Crutch's operations and records, TEA found that the School was overstating the number of students in attendance.

22. The Commissioner did not accept sign-in sheets as records of attendance from any other school.

23. The additional documents Alphonso Crutch wanted TEA to consider did not verify attendance as required by TEA.

24. TEA determined that Alphonso Crutch had received an overallocation of FSP funds because of the overstated attendance figures.

25. After conducting audits, investigations, and reviews of Alphonso Crutch's attendance reporting, the Commissioner determined that Alphonso Crutch received overallocations of state funds on more than one occasion.

26. TEA began withholding funds from its monthly payments to Alphonso Crutch to recover the overallocated state funds.

27. Alphonso Crutch failed to file with the TEA the required audited financial statements for 2007-2010.

28. Alphonso Crutch ceased operations as a charter school in 2008.

29. Alphonso Crutch's charter contract was non-renewed on July 18, 2013.

*Equal Protection*

30. Alphonso Crutch failed to identify a similar situation in which the Commissioner accepted the type of documents that the Commissioner refused to accept from Alphonso Crutch in order to determine if there had been an overallocation of state funding.

31. The Commissioner treated Alphonso Crutch the same as other schools receiving FSP funding.

32. The Commissioner did not count Alphonso Crutch's attendance differently than it did other schools.

*Findings of Fact and Conclusions of Law and Conclusions of Law*                    D-1-GN-05-003667

33. The Commissioner's treatment of Alphonso Crutch was not based upon racial bias.

34. The Commissioner did not treat Alphonso Crutch less favorably because Alphonso Crutch has a predominantly African-American student body and faculty.

35. Alphonso Crutch failed to provide sufficient evidence to show that Wimberley Independent School District is similarly situated to Alphonso Crutch with respect to its financial condition and attendance reporting issues.

36. Wimberley Independent School District is not similarly situated to Alphonso Crutch with respect to Alphonso Crutch's financial condition and its attendance reporting issues.

37. The Commissioner did not make a determination that Wimberley Independent School District had received an overallocation of FSP funds because it overstated FSP data.

38. Alphonso Crutch failed to identify any other school or school district that was (1) similarly situated and (2) treated differently by the Commissioner because of race.

39. Alphonso Crutch failed to provide sufficient evidence to show that the Commissioner treated any school that was similarly situated to Alphonso Crutch more favorably than Alphonso Crutch.

*Ultra vires*

40. All of the Commissioner's actions in this case with respect to handling attendance and funding issues are within his authority.

41. Alphonso Crutch failed to identify a statute or regulation that the Commissioner violated.

42. Alphonso Crutch has not shown that the Commissioner did not have the authority to determine that Alphonso Crutch received an overallocation of FSP funds.

43. Alphonso Crutch did not present evidence of any action taken by the Commissioner that was unlawful.

44. Alphonso Crutch did not present evidence of any action taken by the Commissioner outside of his statutory authority.

45. Alphonso Crutch did not present evidence of any ministerial act that the Commissioner failed to perform.

## CONCLUSIONS OF LAW

1. All conclusions of law that would more appropriately be classified as findings of fact are hereby adopted as such.

*Equal Protection*

2. The Commissioner is entitled to judgment on Alphonso Crutch's equal protection claim.

3. Alphonso Crutch's class of one equal protection claim fails because Alphonso Crutch failed to show disparate treatment.

4. Alphonso Crutch failed to provide sufficient evidence to show that the Commissioner treated Alphonso Crutch differently because of race.

*Ultra Vires*

5. The Commissioner is entitled to judgment on Alphonso Crutch's *ultra vires* claim.

6. Alphonso Crutch's *ultra vires* claim fails because Alphonso Crutch did not prove that the Commissioner acted without constitutional or statutory authority or that he failed to perform a purely ministerial act required by statute.

7. Merely showing that the Commissioner reached an incorrect result is not enough to overcome the Commissioner's immunity and sustain an *ultra vires* claim.

*Due Process/Takings*

8. Alphonso Crutch's due process and takings claims have already been dismissed for lack of subject matter jurisdiction. *Scott v. Alphonso Crutch LSC Charter School, Inc.* ["Crutch II"], 392 S.W.3d 165, 171 (Tex.App.—Austin 2010, pet. denied).

SIGNED this _31st_ day of _July_, 2015.

_____
JUDGE SCOTT H. JENKINS
53rd District Court, Travis County, Texas

5 of 5